UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| SHERMAN DOUGLAS PERRY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7: 17-044-DCR |
| ) | |
| V. ) | |
| ) | |
| KATHY LITTERAL, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Sherman Douglas Perry (hereafter, "Perry") is an inmate housed at the Eastern Kentucky Correctional Facility. Proceeding *pro se*, Perry filed a motion on February 27, 2017, seeking to vacate, set aside or correct his sentence under 28 U.S.C. § 2254.[1] [Record No. 1] The motion was referred to a United States Magistrate Judge for the issuance of a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge Robert E. Wier initially observed that the petition appeared to be untimely and directed the parties to address that issue as well as equitable tolling. [Record No. 7] After considering the parties' responses [Record Nos. 10, 13], the magistrate judge issued a Recommended Disposition in which he recommended that the petition be dismissed and that no Certificate of Appealability be issued. [Record No. 14] Perry filed objections to the Recommended Disposition on June 21, 2017. [Record No. 15]

---

[1] This is deemed the date of filing under the prison mailbox rule. [Record No. 1]

The Court is reviews *de novo* any portion of the magistrate judge's recommendation to which objections have been filed. Fed. R. Civ. P. 72(b)(3). However, in this case, the Court has considered Perry's objections and conducted a *de novo* review of all of his claims. The Court will overrule Perry's objections and deny his motion for the reasons outlined below.

A petition for a writ of habeas corpus under § 2254 is subject to the one-year statute of limitations as provided in 28 U.S.C. § 2244(d). This period begins to run, as relevant here, on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). This period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

Perry's underlying judgment was entered on July 21, 2011. The Kentucky Supreme Court affirmed that judgment on December 20, 2012. [Record No. 10, Ex. 1, p. 11] The 90-day period for filing a writ of certiorari began to run on this date. Because Perry did not file a petition for a writ of certiorari, his judgment became final when the 90-day filing period concluded on March 20, 2013.[2] The one-year statute of limitations period began to run on this date. The statute of limitations period was tolled 365 days later when Perry filed a state post-conviction relief motion under RCr 11.42 on March 20, 2013. [*Id.* at 12] The trial court denied

---

[2] Perry appears to argue that the 90-day period for filing a writ of certiorari began to run on January 17, 2013, the date on which the clerk filed the Kentucky Supreme Court's opinion. [Record No. 10, p. 12] However, the opinion was rendered on December 20, 2012. [Record No. 13, Ex. 2, p. 2] Under *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016), the 90-day period for filing a writ of certiorari begins to run on the date of "the Kentucky Supreme Court's opinion and order, not the one-word notation of finality added to the docket three weeks later." Accordingly, Perry's judgment became final on March 20, 2013, 90 days after the Kentucky Supreme Court rendered its decision.

the motion and the Kentucky Court of Appeals affirmed on April 22, 2016. The Kentucky Supreme Court denied discretionary review on February 9, 2017. Thus, the statute of limitations period continued to run again as of this date. Perry filed his § 2254 petition 18 days later (i.e., on February 27, 2017). [*Id.*]

The magistrate judge concluded that Perry's petition was time-barred because he did not file his § 2254 petition until 383 days after his state court judgment became final. [Record No. 14] Perry appears to acknowledge in his objections that he filed his petition outside the one-year statute of limitations period. [Record No. 15] However, he argues that he is entitled to equitable tolling based on the actions of the Legal Aide of the Eastern Kentucky Correctional Complex. He specifically asserts that the Legal Aide delayed the filing of his state post-conviction motion under RCr 11.42 and also improperly advised him that the one-year limitations period had not yet passed at the time that he filed his petition.

The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [his] control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). Courts use the doctrine of equitable tolling "sparingly" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Id*. at 784. The party must show: (1) that he has diligently pursued his rights; and (2) some extraordinary circumstance prevented him from filing his petition within the limitations period. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (internal quotation marks and citation omitted).

Perry argues primarily that he is entitled to equitable tolling because the Legal Aide obtained his case file to prepare his RCr 11.42 motion and filed it 365 days after the statute of

limitations on his § 2254 had begun to run. Perry states that "his federal toll [sic] had been spoiled by the filing of his RCr 11.42 . . . ." [Record No. 15, p. 2] He further contends that the RCr 11.42 motion "stood in [his] way and prevented his timely filing . . . ." However, the basis for Perry's apparent belief that the RCr 11.42 motion prevented him from complying with the statute of limitations for his § 2254 petition is unclear. The record contains no indication that the RCr 11.42 motion was improperly filed such that it did not toll the statute of limitations period. Further, Perry does not explain how the RCr 11.42 motion had any impact on his ability to file his § 2254 petition before the statute of limitations period elapsed. Because Perry fails to explain how the Legal Aide acted improperly or prevented him from complying with the statute of limitations, he fails to show extraordinary circumstances that prevented him from filing. This argument for equitable tolling fails.

Perry's argument that he is entitled to equitable tolling because the Legal Aide advised him improperly regarding the statute of limitations period also fails. Equitable tolling is not available for "garden variety claim[s] of excusable neglect . . . ." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). As a result, an attorney's miscalculation regarding the statute of limitations period "is simply not sufficient to warrant equitable tolling . . . ." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Perry appears to allege that the Legal Aide improperly advised him that the statute of limitations period had not yet expired at the time that he filed his § 2254 petition. Without more, this amounts to no more than a "garden variety" claim of miscalculation of the statute of limitations period. It is well-established that this type of claim

does not qualify as an extraordinary circumstance that would justify equitable tolling. Accordingly, this argument also fails.[3]

Perry is not entitled to a Certificate of Appealability on any issue. Under *Slack v. McDaniel*, 529 U.S. 473, 478, Perry must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists would find it debatable whether the district court was correct in its procedural ruling." Perry's petition is clearly time-barred. Additionally, his objections regarding equitable tolling are meritless. The Legal Aide's actions in obtaining Perry's case file and filing a RCr 11.42 motion on his behalf, thereby tolling the statute of limitations period, do not qualify as an extraordinary circumstance that would entitle Perry to equitable tolling. Likewise, the Legal Aide's alleged improper advice regarding the statute of limitations period is "garden variety" neglect that does not constitute an extraordinary circumstance beyond Perry's control for purposes of the equitable tolling analysis. Because Perry's arguments and objections are clearly meritless, it is not "debatable" whether the procedural ruling is correct and a Certificate of Appealability is not appropriate.

---

[3] Perry appears to argue that he should be entitled to equitable tolling based on actual innocence. A petitioner may be entitled to equitable tolling if he presents a credible claim of actual innocence. *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). This requires the petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Id*. at 633. But as the magistrate judge observed, Perry fails to offer any new evidence and instead relies on procedural issues that were known and could have been addressed prior to trial. Perry therefore fails to demonstrate that he is entitled to equitable tolling based on actual innocence.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Robert E. Wier's Recommended Disposition [Record No. 14] is **ADOPTED** and **INCORPORATED** by reference.

2. Petitioner Perry's objections to the magistrate judge's Recommended Disposition [Record No. 15] are **OVERRULED**.

3. Petitioner Perry's motion to vacate under 28 U.S.C. § 2254 [Record No. 1] is **DENIED**. This action shall be **DISMISSED** and **STRICKEN** from the docket.

4. A Certificate of Appealability shall not issue.

5. A separate Judgment will issue this date.

This 22nd day of June, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge